UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Wallace Christensen, d/b/a Wallace
Christensen Broadcasting,

       Plaintiff,                  Civ. No. 14-4757 (RHK/JJK)

**ORDER**

v.

Owners Insurance Company,

       Defendant.

---

      This matter is before the Court on Plaintiff's Motion to Remand (Doc. No. 12). For the reasons that follow, the Motion will be denied.

      Plaintiff alleges in this action that certain radio equipment he owned in Pipestone, Minnesota, was damaged in a thunderstorm in 2012 but Defendant, his insurer, has refused to pay for that damage. He commenced this breach-of-contract action in the Pipestone County, Minnesota District Court in October 2014, seeking unspecified damages "in excess of $50,000."[1] Before commencing suit, however, Plaintiff's counsel corresponded with Defendant's counsel in an attempt to resolve the dispute.

      After Plaintiff submitted his initial claim, Defendant asserted that the damaged equipment could be repaired for approximately $13,750 and offered to settle Plaintiff's claim for $20,000. (Huhta Decl. ¶ 3.) Plaintiff's counsel responded that repairs would be

---

[1] This accords with Minnesota Rule of Civil Procedure 8.01, which provides that if a complaint seeks "unliquidated damages in an amount greater than $50,000 . . . , [it] shall state merely that recovery of reasonable damages in an amount greater than $50,000 is sought."

inadequate and replacement was required; he demanded $60,000 to settle and provided an itemization of Plaintiff's damages, which totaled at least $88,000. (Id. & Ex. 2.) Further settlement discussions proved fruitless and Plaintiff then filed this action, which Defendant removed to this Court in November 2014, invoking diversity jurisdiction. Shortly after removal, Plaintiff offered to stipulate that his damages were less than $75,000, but Defendant rejected Plaintiff's offer. (Id. ¶ 6.) Plaintiff now moves to remand, arguing that the amount-in-controversy requirement for diversity jurisdiction has not been satisfied. The Court disagrees.

Federal courts enjoy jurisdiction over matters between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). It is undisputed that the parties here are citizens of different states. But as the party invoking the Court's jurisdiction, Defendant bears the burden of establishing the amount in controversy clears the $75,000 jurisdictional hurdle. James Neff Kramper Family P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005). To do so, it must "show by a preponderance of the evidence the claims originally asserted by [the plaintiff] could, that is might, legally satisfy the amount in controversy requirement." Id. Here, Defendant points to the pre-suit itemization of Plaintiff's damages and notes that Plaintiff himself evaluated those damages as exceeding $88,000, more than the $75,000 jurisdictional limit.

Plaintiff offers a two-fold response. He first argues that his itemization was based on his own calculations and not "the definitions contained in the applicable insurance

policy," which instead require Defendant to pay the *lesser* of the actual cash value of the equipment, the cost to repair or replace it with like kind or quality, or the limits of the policy. (Pl. Mem. at 2, 7; Reply Mem. at 2-4.)[2] But Plaintiff himself asserted that Defendant's proposed repair would be unable to "make the equipment of 'like kind or quality'" (Huhta Decl. Ex. 2; see also Alton Decl. Ex. 3), and the only evidence in the record of the equipment's "actual" value is Plaintiff's own itemization. Moreover, the Court notes that the policy provided insurance coverage well in excess of $75,000, lending credence to Plaintiff's itemization. (See Christensen Decl. Ex. 1 at 14 (providing coverage of $65,000 for transmitter and $35,000 for cable, among other items).) The Court has no trouble concluding on these facts that a jury "could, that is *might*," award damages that "satisfy the amount in controversy requirement." James Neff Kramper, 393 F.3d at 831 (emphasis added); Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002) (amount plaintiff demands is in controversy unless "no fact finder could legally award it").[3]

    Second, Plaintiff argues that his offer to stipulate his damages do not exceed

---

[2] Plaintiff's Reply Memorandum was submitted a week late under the Court's Order regarding dispositive motion procedure (Doc. No. 5), but the Court has nevertheless considered it.

[3] The Court rejects Plaintiff's argument (see Pl. Mem. at 7-8) that it should ignore the $88,000 figure because it was mere puffery in an attempt to settle the case. See, e.g., Groeneweg v. Flint Hills Resources, LP, Civ. No. 08-4815, 2008 WL 4951494, at *2 (D. Minn. Nov. 18, 2008) (Frank, J.) ("In the Eighth Circuit, district courts rely on the plaintiff's perspective in determining the amount in controversy[, and a] plaintiff's settlement demand is relevant to the determination of the amount.") (citations omitted); Wang v. Pac. Cycle, Inc., 530 F. Supp. 2d 1048, 1051 (S.D. Iowa 2008) (settlement demand is "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim") (internal quotation marks, citation, and emphasis omitted). The Court also rejects Plaintiff's (veiled) suggestion (see Pl. Mem. at 6) that the figure should be ignored under Federal Rule of Evidence 408 because it was in a settlement demand. See, e.g., Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n.3 (9th Cir. 2002).

$75,000 "clarifies" that he is not seeking more than the jurisdictional threshold.  (Pl. Mem. at 9.)  But while such a "clarification" might be relevant when the amount in controversy is unclear at the time of removal, here clarity was not lacking.  See, e.g., Kaufman v. Costco Wholesale Corp., 571 F. Supp. 2d 1061, 1064-66 (D. Minn. 2008) (Ericksen, J.).  In the Court's view, Plaintiff's own itemization of damages, when coupled with the significant amount of insurance on the covered property, clearly show that the amount in controversy exceeded $75,000 at the time of removal, notwithstanding Plaintiff's later offer to stipulate.  The stipulation, therefore, cannot defeat jurisdiction that had already attached.  Id.; McNeilus Truck & Mfg., Inc. v. Hunt, Civ. No. 01-1099, 2001 WL 837940, at *2 & n.1 (D. Minn. July 23, 2001) (Doty, J.).

In the end, in may be that Plaintiff will not recover damages exceeding $75,000, but his final "recovery does not control the jurisdictional inquiry."  Cooper v. S & H Inc., Civ. No. 11-2783, 2012 WL 245116, at *3 (D. Minn. Jan. 25, 2012) (Ericksen, J.) (citing One Point, 486 F.3d at 349).  At this juncture, it suffices that Defendant has shown Plaintiff "might[] legally satisfy the amount in controversy requirement."  James Neff Kramper, 393 F.3d at 831.  Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. No. 12) is **DENIED**.  The hearing on the Motion, currently scheduled for February 17, 2015, is **CANCELED**.

Dated:  February 11, 2015                                s/Richard H. Kyle
                                                                                            RICHARD H. KYLE
                                                                                            United States District Judge